UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                         CASE NO.: 2:15-cr-115-FtM-38MRM

JAVIER M. VILLAR

## **OPINION AND ORDER**[1]

Before the Court is pro se Defendant Javier Villar's Motion for Compassionate Release (Doc. 542) and the Government's response in opposition (Doc. 544). For the below reasons, the Court denies the motion.

Three years ago, the Court sentenced Defendant to 200 months' imprisonment for heroin offenses. (Doc. 404). Defendant is fifty-one years old and set to be released on November 21, 2029. (Doc. 544). He now moves to reduce his sentence to time served under 18 U.S.C. § 3582(c)(1)(A)(i) because of his heightened vulnerability during the COVID-19 pandemic constitutes "extraordinary and compelling" circumstances. (Doc. 542). Defendant says his asthma and emphysema place him in a high-risk category for serious complications should he contract the coronavirus present at his prison. For its part, the Government says that Defendant has already contracted COVID-19 and recovered. (Doc. 544 at 2). Even so, it argues the 18 U.S.C. § 3553(a) factors favor denying compassionate release.

---

[1] Disclaimer: Documents hyperlinked to CM/ECF are subject to PACER fees. By using hyperlinks, the Court does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide. The Court is also not responsible for a hyperlink's availability and functionality, and a failed hyperlink does not affect this Order.

A district court has "no inherent authority" to modify an already imposed imprisonment sentence. *United States v. Diaz-Clark*, 292 F.3d 1310, 1315, 1319 (11th Cir. 2002). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010). A term of imprisonment may be modified only in certain circumstances. 18 U.S.C. § 3582(c). One circumstance is set forth in 18 U.S.C. § 3582(c)(1)(A)(i). That law states:

> the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier**,** may reduce the term of imprisonment . . . after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that [ ] **extraordinary and compelling reasons** warrant such a reduction...and that such a reduction is consistent with the applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i) (emphasis added).

After reviewing the parties' arguments, record, and applicable law, the Court finds that Defendant fails to show extraordinary and compelling reasons to warrant compassionate release. A reduction under such instances must follow the United States Sentencing Commission's policy statements. 18 U.S.C. § 3582(c)(1)(A). Courts rely on U.S.S.G. § 1B1.13, which lists examples of extraordinary and compelling reasons: terminal illness, non-recoverable serious medical condition that substantially diminishes a defendant's ability to provide self-care while incarcerated, advanced age, family circumstances, and other reasons the BOP Director determines. U.S.S.G. § 1B1.13, cmt. n.1.

But none of the circumstances Defendant relies on here falls within the Commission's policy statement. Notably, Defendant's emphysema and asthma conditions are nonstarters. Although Defendant's BOP medical records support his claim of emphysema, they do not mention an asthma diagnosis. The records undercut any asthma allegation, as they show Defendant reporting earlier this year that he ran five miles per day and was "very healthy." (Doc. 544-2 at 27). And this summer he reported shortness of breath only "during rigorous exercise." (Doc. 544-2 at 9).

The Court also takes very seriously Defendant's failure to mention that he has contracted and recovered from the coronavirus. (Doc. 544-36, 40, 50). The omission is particularly troublesome as Defendant presents no basis for compassionate release other than being at high-risk should he contract COVID-19 in the future.

Defendant also does not mention that the BOP and facility has ever been inadequate in caring for him. While infected with COVID-19, the prison quarantined, monitored, and nursed him to recovery. And Defendant's medical records show that his health is otherwise well controlled, and there's no reason to suspect any impediment to his ability to provide self-care while in prison. At bottom, other than the general existence of COVID-19, Defendant presents no extraordinary or compelling circumstance to warrant compassionate release.

Even if Defendant made this threshold showing, the Court still denies his motion because he remains a danger to the public and the 18 U.S.C. § 3553(a) factors weigh against release. See 18 U.S.C. § 3582(c)(1)(A); USSG §1B1.13. Defendant was convicted of two serious drug felonies, one of which was punishable by a minimum mandatory ten years to life sentence. See 21 U.S.C. § 841(a)(1)(A). He was also "second

3

in command" during the heroin conspiracy and linked to at least one firearm found in his bedroom along with heroin. (Doc. 427 at 17, 25).

In addition, the § 3553(a) factors disfavor compassionate release. Defendant has not even served half of his 200-month sentence—he has more than nine years left. The 200-month sentence reflects the seriousness of Defendant's offenses and was a just punishment. If the Court reduced his sentence to time served, it would diminish the impact on Defendant and lessen any deterrent effect. Finally, Defendant gives no insight to any rehabilitation he has achieved while imprisoned. Nor does he show what he would do if he released.

Accordingly, it is now

**ORDERED:**

Defendant Javier Villar's Motion for Compassionate Release (Doc. 542) is **DENIED**.

**DONE AND ORDERED** in Fort Myers, Florida on this 29th day of September 2020.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record