UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

v.                                                              CASE NO: 2:15-cr-115-SPC-KCD

JAVIER MARTIN VILLAR
_____/

## ORDER

Before the Court are Defendant Javier Martin Villar's *pro se* Motion for Reduction in Sentence (Doc. 603), the United States Probation Office's Memorandum (Doc. 644), and a Notice That the Federal Defender's Office Has Satisfied the Requirements Imposed by the Amendment 821 Omnibus Order (Doc. 654).

Defendant is serving a 200-month sentence for drug-related offenses. (Doc. 395). He argues that he is entitled to a zero-point reduction. (Doc. 603 at 2).

Part B of Amendment 821 allows for relief for zero-point offenders by providing for "a decrease of two levels from the offense level . . . for offenders who did not receive any criminal history points . . . and whose instant offense did not involve specified aggravating factors." Amendment 821, Part B.

The Court sentenced Defendant on May 30, 2017. (Doc. 395). Probation explains that although Defendant was assessed zero criminal history points, Part B, subpart 1, of Amendment 821 is not applied retroactively, because he

does not meet the criteria set forth at USSG §4C1.1.  Defendant received an enhancement for possession of a firearm during the offense under U.S.S.G. § 2D1.1(b)(1). (Doc. 373 at 19 (Final Presentence Investigation Report ¶ 114)). Thus, he is not eligible for a reduction. U.S.S.G §4C1.1(a)(7).

The Federal Defender agrees with Probation's assessment. (Doc. 654 at 2). So the Federal Defender cannot argue in good faith that Defendant is eligible for a sentence reduction and states that he will not file a motion for sentence reduction under Amendment 821 on Defendant's behalf. The Federal Defender states that he will notify Defendant of his position and move to terminate his representation of Defendant.

Having reviewed the record in this case, the Court agrees with Probation and the Federal Defender. Because Defendant received an enhancement for possession of a firearm during the offense, he is ineligible for a reduction under Amendment 821. Because Amendment 821 does not apply to Defendant, the Court need not evaluate the 18 U.S.C. § 3553(a) factors.

Accordingly, it is

**ORDERED**:

Defendant Javier Martin Villar's *pro se* Motion for Reduction in Sentence (Doc. 603) is **DENIED**.

**DONE and ORDERED** in Fort Myers, Florida on May 15, 2025.

SHERI POLSTER CHAPPELL
UNITED STATES DISTRICT JUDGE

Copies: All parties of record

3